IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>JENNIFER M. LENNEMANN,<br><br>Debtor | BK24-40046 BSK<br><br>CHAPTER 11 |

### EXCHANGE BANK'S OBJECTION TO CONFIRMATION OF THE PLAN

COMES NOW Exchange Bank, and objects to confirmation of the Debtor's plan, for the following reasons:

1. Exchange Bank does not accept the Plan.
2. Exchange Bank has not received a ballot or the plan and disclosure statement as of the date of filing this motion.  The Docket Sheet indicates a certificate of service that these documents were mailed out on September 9, which is 9 days prior to the filing of this Motion.  The Bank therefore has not received an official ballot on which to vote against confirmation of the Plan.  If the Bank does receive a ballot prior to the confirmation hearing, the Bank will vote against confirmation of the Plan.
3. The Plan does not propose to cure the pre-petition and the post-petition default on the xxx746, xxx747, xxx0591, and xxx9624 loans from the Bank to the Debtor.  The plan proposes to "deem" the default cured.  "Deeming" that a default has been cured is of no value to this secured creditor.  It is not fair and reasonable.  And it is not proposed in good faith.
4. Furthermore, 11 U.S.C. §1123(d) provides that if the plan proposes to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.
5. During the period of time leading up to the filing of the Bankruptcy, and during the entire time that this case has been pending, the Debtor has failed to make monthly payments on the promissory notes as they fell due.  The amount required to cure the payment default on the four (4) loans that Debtor proposes to "deem cured", up to and including the date that the case was filed on January 23, 2024, is $117,912.18.  The amount required to cure the payment default on the four (4) loans that Debtor proposes to "deem cured" during the time that the case was

pending through and including October 1, 2024, is $99,731.27. Therefore, the amount required to cure the default in accordance with the underlying agreement and applicable nonbankruptcy law, as of October 1, 2024, would be $217,643.45.

6. The Plan provides that Debtor will resume making monthly payments on Notes xxx0747, xxx0746, xxx0591, and xxx9624, and that interest will accrue on the principal at the non-default contractual rate. The non-default interest rates on these notes is as follows:

    | xxx0747 | 5.15% |
    | xxx0746 | 5.15% |
    | xxx0591 | 4.70% |
    | xxx9624 | 8.50%  Variable (Wall Street Prime) |

    These loans were made at a time when the Wall Street Prime rate of interest was approximately 3.5%. The Wall Street Prime rate of interest at the time of this writing is 8.5%. The non-default contractual rate is not the market rate of interest for the loans that are affected by this Plan.

7. The Plan provides for the restructure of Note xxx1808 with interest at a rate that is 2 points above the 20 year US Treasury bond rate. The 20 year Treasury bond rate is approximately 4.14% as of this writing. A rate of 6.14% is not market rate for these loans. Furthermore, the 20 year US Treasury Bond rate changes daily. The plan does not provide at what date the US Treasury Bond rate will be determined.

8. The Plan does not provide for interest on the Bank's claim from the time the case was filed until the date of confirmation. The value of the collateral that secures the Bank's claim exceeds the amount of the claim, and the loan documents provide for default interest at 18% on xxx746, xxx747, xxx0591, and at 16% on xxx9624, and at 4.5% on xxx1808.

9. The Plan impairs the treatment of the Bank's claim with respect to these notes. The Plan does not pay market rate of interest to the Bank with respect to these notes. The Bank requests that interest be paid on the unpaid principal balance of the notes at the rate provided for in Local Rule 3023-1. As of this writing, the current Wall Street Prime Rate is 8.5%. The Bank requests that the Debtor pay interest of 10.5% on the Exchange Bank claims.

10. The plan is underfunded and is not feasible. The plan proposes to pay notes xxx0746 (matures 03/01/27), xxx0747 (matures 03/01/27), xxx0591 (matures 01/15/27), and xxx9624(matures 05/25/28) until the notes mature. If the Debtor cures the default and makes no other defaults between confirmation and maturity, the balloon payments on these notes would be approximately $369,922.20 on xxx746, $42,228.28 on xxx747, $105,809.13 on xxx0591, and $50,000 on xxx9624. If the debtor does not have the financial resources with which to pay these notes at maturity, or if the debtor does not have the credit standing to qualify for refinancing of these loans with a different creditor at maturity, there will be a

    default in the plan. The drop-dead provisions in the treatment of these notes does not provide that the filing of a modified plan is an event of default. The plan does not provide for liquidation of any of the collateral prior to maturity. Therefore, it seems inevitable that if Debtor is unable to refinance these loans at maturity with a different lender, we will be right back here with another modified plan and all of the issues involved in confirmation of a modified plan. The plan therefor does not meet the requirements of 11 U.S.C. § 1129(a)(11) that confirmation is not likely to be followed by the need for further financial reorganization.

11. The Plan does not provide that Debtor will keep the real estate taxes paid before they become delinquent. This has been a chronic problem during the time that this case has been pending. The Debtor failed to pay the Buffalo County real estate taxes and allowed them to become delinquent on May 1, 2024, and did not pay them until August 2, 2024. The Debtor failed to pay the Kearney County real estate taxes and allowed them to become delinquent on May 1, 2024 and on September 1, 2024. As of the date of this writing, the delinquent real estate taxes on the Kearney County collateral at 205 East 6th Street, Axtell Nebraska, are $1,289.52, and they are accruing interest at 14% per annum.

12. The plan provides that the Debtor will maintain insurance at fair market value on the Debtor's assets. The plan does not provide that Debtor will name Exchange Bank as additional loss payee on the policies of insurance that insure the Bank's collateral.

13. The Deeds of Trust provide that the Debtor will make monthly escrow installment payments to cover the cost of insurance and real estate taxes. If the intention of providing for taxes and insurance in the plan is to alter that contractual provision in the Deeds of Trust, then Debtor should be required to comply with standard tax and insurance escrow provisions to keep the taxes and insurance paid, as part of the Bank's retention of prepetition liens.

14. The Plan, in Class 1: (iv)(j) refers to a Deed of Trust recorded as instrument number 2021-06758. This document is actually a Modification of Deed of Trust.

15. In the loan documents that the plan states will remain in full force and effect, the Plan does not include a Deed of Trust recorded as Instrument 2022-01361 in the Buffalo County Register of Deeds. Exchange Bank holds a lien on the Debtor's property at 2000 E. 34th Street, Kearney, Nebraska, pursuant to this Deed of Trust. This should be included as part of the Bank's retention of its pre-petition liens.

16. In the loan documents that the plan states will remain in full force and effect, the Plan does not include a Deed of Trust Modification, recorded as Instrument 2022-00647 in the Buffalo County Register of Deeds. Exchange Bank holds a lien on the Debtor's property at 2806 Ave. E, Kearney, Nebraska, pursuant to this Deed of Trust Modification. This should be included as part of the Bank's retention of its liens.

WHEREFORE, Exchange Bank requests that confirmation of the Debtors Plan be denied.

EXCHANGE BANK,

By */s/ Michael R. Snyder*
Michael R. Snyder
SNYDER & HILLIARD, P.C., L.L.O.
24 N Spruce St.
Ogallala, Nebraska, 69153
308 284-7188
msnyder@snyderandhilliard.com

### CERTIFICATE OF SERVICE

I certify that on September 18, 2024, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to:

- **Amy Blackburn    amy.b.blackburn@usdoj.gov, tammy.d.hydeman@usdoj.gov**
- **Jerry L. Jensen    ustpregion13.om.ecf@usdoj.gov**
- **Kathryn Allene Klein    rb_bank@riezmanberger.com, rbadmin@ecf.courtdrive.com**
- **Michael R. Snyder    msnyder@snyderandhilliard.com**
- **Patrick Raymond Turner    pturner@turnerlegalomaha.com, turnerpr97408@notify.bestcase.com**
- **Thomas W. Tye    twt2@tyelaw.com**
- **Michael J. Whaley    MWhaley@clinewilliams.com, tcampbell@clinewilliams.com**

and I hereby certify that I have mailed by United States Postal Service the document to: None others at this time.

*/s/ Michael R. Snyder*